NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ERIC ARNOLD**, | Docket No.: 12-cv-7087 (WJM) |
| **Plaintiff,** | |
| v. | **OPINION** |
| **CAROLYN W. COLVIN,** as ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| **Defendant.** | |

## WILLIAM J. MARTINI, U.S.D.J.:

Plaintiff Eric Arnold filed this motion to compel the Commissioner to answer Plaintiff's Complaint. The Commissioner opposed and filed a cross-motion to dismiss for insufficient service of process. Plaintiff opposed the cross-motion and requested that he be given additional time to effect service of process if his motion to compel the Commissioner to answer is denied.

For the reasons set forth below, both motions are denied, and the court will grant Plaintiff's alternative request for additional time to effect service of process.

## I.    BACKGROUND

Plaintiff brings this Complaint pursuant to 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying Plaintiff's benefits under the Social Security Act. (Complaint at ¶¶ 1-2).  On July 27, 2011, an Administrative Law Judge denied Plaintiff his claim for benefits under the Social Security Act; Plaintiff requested review by the Appeals Council. (Complaint at ¶ 4). On September 26, 2012, the Appeals Council affirmed the decision of the

Administrative Law Judge, thereby creating a final order of the Commissioner of Social Security. (Complaint at ¶ 5). In response to the final order of the Commissioner, Plaintiff timely filed this Complaint on November 15, 2012. (ECF No. 1).

On January 28, 2013, Guaranteed Subpoena Service made personal service upon the Social Security Administration's office at 26 Federal Plaza, in New York, New York. (ECF No. 3). In response to the Summons and Complaint, Maria Pia Fragassi-Santangelo, on behalf of the Commissioner, entered a Notice of Appearance on March 21, 2013. (ECF No. 4). However, the Commissioner filed no Answer. On September 19, 2013, Plaintiff filed this motion to compel. (ECF No. 5).

On October 22, 2013, Defendant responded to Plaintiff's motion to compel with a cross-motion to dismiss Plaintiff's Complaint for lack of sufficient service of process. (ECF No. 8). Defendant contends that Plaintiff failed to effect service on an agency of the United States in compliance with Federal Rule of Civil Procedure 4(i).

## II.    LEGAL STANDARD

"Under Federal Rule of Civil Procedure 12(b)(5), a party may move for dismissal of a Complaint for insufficient service of process. Courts cannot exercise jurisdiction over a party that has not been properly served in conformity with Rule 4 of the Federal Rules of Civil Procedure." *Bahm v. Comm'r of Soc. Sec.*, 2009 WL 1089553, at *2 (D.N.J. Apr. 21, 2009); *see also Adams v. AlliedSignal Gen. Aviation Avionics,* 74 F.3d 882, 886 (8th Cir. 1996) (holding that where defendant is improperly served, a district court lacks jurisdiction over the defendant regardless of whether defendant had actual notice of lawsuit).

## III.    DISCUSSION

In order to properly serve an agency of the United States, the plaintiff must: (1) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought, (2) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C, and (3) send a copy of each by registered or certified mail to the agency. Fed. R. Civ. P. 4(i). Here, the Plaintiff only served the agency via a personal service processor, which technically, was not effective service on the agency. *See Farrell v. U.S. Dep't*

*of Justice*, 910 F. Supp. 615, 619 (M.D. Fla. 1995) (finding that service was not effective where Plaintiff served the Attorney General with a process server but not via registered or certified mail).

According to Federal Rule of Civil Procedure 4(m), the Summons and Complaint must be served on the defendant within 120 days of the plaintiff's filing the Complaint. If service is not effected within the 120-day time frame, the court, "on motion or on its own after notice to the plaintiff[,] must dismiss the action without prejudice against that defendant or order that service be made within a specified time period." Fed. R. Civ. P. 4(m). If the plaintiff shows "good cause" for the failure, the court *must* extend the time for service for an appropriate period. *Id.* (emphasis added).

### A. "Good Cause"

The courts have considered three factors in determining the existence of good cause: (1) reasonableness of the plaintiff's efforts to serve, (2) prejudice to the defendant by lack of timely service, and (3) whether the plaintiff moved for an enlargement of time to serve. *See MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (*citing United States v. Nuttall*, 122 F.R.D. 163, 166-67 (D. Del. 1988)). The focus is primarily on the plaintiff's reasons for not complying with the service rules in the first place. *Id.*

While there may be no prejudice to the defendant in extending time for service of process, absence of prejudice alone does not constitute good cause to excuse late service. *See e.g.*, *id.* Plaintiff fails to offer any explanation for his failure to serve in compliance with Rule 4(i). Ignorance to the rules does not provide good cause to excuse Plaintiff for failure to serve Defendant within the time allotted under the rules. *See Sykes v. Blockbuster Video*, 205 Fed. App'x 961, 963 (3d Cir. 2006). Furthermore, at no point did the Plaintiff ever move for an enlargement of time to serve or make an attempt to properly serve the other parties. Therefore, Plaintiff fails to establish good cause to grant an extension.

### B. Discretionary Extension of Time to Serve

"If good cause has not been shown, the court may still grant the extension of time for service of process in sound exercise of its discretion." *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998); *see also MCI Telecommunications Corp.*, 71 F.3d at 1098 (3d Cir. 1995). An extension of time may be more appropriate than dismissal if the applicable statute of limitations would

bar the re-filed action.  *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305-06 (3d Cir. 1995).

In this case, dismissing the case would not be without prejudice.  Plaintiff only has 60 days from the mailing of a final decision of the Commissioner in which to file an action for review of the final decision in the district court.  *See* 42 U.S.C. § 405 (g).  To dismiss the case now would therefore bar the Plaintiff from seeking review of the Commissioner's decision.

Defendant, on the other hand, suffers no substantial prejudice if the court extends Plaintiff's time to effect proper service.  Defendant had actual notice of the pending claim.  The court will therefore exercise its discretion to extend Plaintiff's time to serve.   The court will order the Plaintiff to effect service in strict compliance with Rule 4(i).  To remove all ambiguity, this means Plaintiff shall not only effect proper service on the U.S. Attorney's Office and the Attorney General's Office but also shall send the summons and complaint to the Social Security Administration via registered or certified mail.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's request for extended time for service of process is **GRANTED**, and Defendant's cross-motion for dismissal is **DENIED**.


An appropriate order follows.

/s/ William J. Matini
_____
**WILLIAM J. MARTINI, U.S.D.J.**


**Date: July 8, 2014**